**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 95-5878

DENISE CORTTESSIA ABDULLAH, a/k/a
Denise Cortessia Roberson, a/k/a
Densie Cortessia McGlone,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge; Herbert N. Maletz,
Senior Judge, sitting by designation.
(CR-94-422-JFM)

Submitted: September 16, 1997

Decided: October 20, 1997

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Harold I. Glaser, John Deros, Baltimore, Maryland, for Appellant.
Lynne A. Battaglia, United States Attorney, Andrea L. Smith, Assis-
tant United States Attorney, Susan M. Ringler, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Denise Abdullah appeals the twenty-year sentence imposed pursuant to her conviction of conspiracy to distribute heroin, 21 U.S.C.A. § 846 (West Supp. 1997). We affirm.

I

Abdullah is the wife of Mumin Sahib Abdullah. Sahib and "Big Corey" Woodfolk headed a violent heroin distribution organization in Baltimore known as Strong as Steel. Testimony at trial revealed that Denise Abdullah was seen numerous times at various "stash houses" controlled by the gang. Sometimes she accompanied her husband when he delivered drugs or picked up the day's receipts from the houses. On one occasion Abdullah herself delivered seventeen bundles of heroin to a stash house.

Between 1991 and 1993, Sahib Abdullah had no legitimate source of income; Denise Abdullah worked for Amtrak, netting less than $60,000 during this period. The Abdullahs paid more than $80,000 on various charge accounts that they maintained between 1991 and 1993. In an effort to appear to have a respectable income source, they and others opened a barber shop in 1992. An expert testified at trial that the shop never operated at a profit and could not have generated the $432,545 (including over $200,000 in cash) that was deposited into Denise Abdullah's various bank accounts between 1991 and 1993.

At sentencing, the district court determined that Denise Abdullah was responsible for more than one kilogram of heroin. The court's conclusion was based on the weight of the heroin she delivered to the stash house, plus the weight of the heroin represented by some drug proceeds deposited to her accounts. Because she had a prior state felony conviction for a drug offense, Abdullah was subject to an

2

enhanced sentence under 21 U.S.C.A. § 841(b)(1)(A) (West 1994 & Supp. 1997). The court imposed the mandatory minimum twenty-year sentence.

II

Abdullah first challenges the amount of heroin for which she was found responsible. For sentencing purposes, drug quantities attributable to persons convicted of conspiracy to distribute illegal drugs are determined by examining "the quantity of narcotics reasonably foreseeable to each coconspirator within the scope of[her] agreement." United States v. Irvin, 2 F.3d 72, 78 (4th Cir. 1993). The United States bears the burden of establishing by a preponderance of the evidence the quantity of drugs attributable to a defendant. See United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990). Determinations of reasonable foreseeability and quantity of drugs are reviewed for clear error. United States v. Banks, 10 F.3d 1044, 1057 (4th Cir. 1993).

Abdullah plainly was a member of the conspiracy. She visited stash houses with her husband while he engaged in Strong as Steel business and once delivered heroin to one house. She enjoyed an extravagant lifestyle and bank accounts primarily supported by profits generated by Strong as Steel. It was entirely appropriate to hold her responsible for the amount of heroin represented by most of the money deposited to her various accounts.

The presentence report stated that one-tenth of a gram of heroin sold in 1995 for $20. The cash deposits to Abdullah's various accounts exceeded $200,000. This amount alone, which does not begin to represent the extent of her involvement in the conspiracy, represents one kilogram of heroin. The district court's finding her responsible for that amount was not clearly erroneous.[1]

_____

[1] Because Abdullah was subject to the minimum twenty-year sentence, the district court's mention of money laundering at sentencing is irrelevant. Regardless of whether the drug quantities attributable to Abdullah are based on her involvement in the conspiracy or what the district court referred to as her money laundering activities and the one distribution, she was responsible for more than one kilogram of heroin, and the mandatory minimum sentence applied.

3

III

The district court enhanced Abdullah's sentence because she previously had been convicted in Maryland of the felony of maintaining a common nuisance (i.e., a drug house). See Md. Code Ann. art. 27 § 286(a)(5) (1996). Abdullah first contends that the district court erroneously enhanced the sentence because the jury's verdict could have been based upon her maintaining the house as a "shooting gallery" rather than a place where drugs were manufactured, stored, or distributed. However, either use of the house would constitute a felony drug offense in Maryland. See Md. Code Ann. art. 27 § 286 (b)(2) (1996). Under 21 U.S.C.A. § 841(b)(1)(A), any final, prior drug conviction mandates the enhanced sentence.

Additionally, Abdullah complains that the district court failed to comply with the notice requirement of 21 U.S.C.§ 851(b) (1994) before using the state sentence to enhance her sentence. She maintains that the court should have inquired specifically whether she had previously been convicted of the state charge. Also, she contends that the district court should have informed her that, once her sentence was imposed, she could not later collaterally attack the prior conviction.

In United States v. Campbell, 980 F.2d 245 (4th Cir. 1992), this Court considered § 851(b)'s required colloquy. The colloquy "provides the defendant with a full and fair opportunity to establish that he is not the previously convicted individual or that the conviction is an inappropriate basis for enhancement under section 841." Id. at 252. Although the required colloquy did not take place in Campbell, we found that Campbell was otherwise afforded the substantive protections underlying § 851(b) and that the district court complied with the statute. Id.

Like Campbell, Abdullah received ample opportunity to litigate whether her Maryland conviction was a proper basis for enhancement. In her response to the presentence report, Abdullah admitted that she was the subject of the state conviction. At sentencing, there was argument on whether that conviction qualified under§ 841(b)(1)(A).

4

Therefore, although the precise colloquy contemplated by § 851(b) did not occur,[2] Abdullah suffered no prejudice.

IV

We accordingly affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

[2] Under § 21 U.S.C. § 851(e), a defendant subject to an enhanced sentence may not attack the validity of a predicate conviction which occurred more than five years before the date of the information alleging the prior conviction. Abdullah was convicted in Maryland on December 14, 1989. The information of prior conviction was filed on June 30, 1995, more than five years after the state conviction. Abdullah thus in this case could not challenge the state conviction in connection with the enhancement. The district court's failure to inform her that she could not contest the state conviction once her federal sentence was imposed was accordingly harmless.

5