**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 95-5117

JOHN ANTHONY NORRIS, SR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Williams, Senior District Judge, sitting by designation.
(CR-93-30)

Submitted: January 13, 1998

Decided: February 20, 1998

Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Anthony Norris, Sr., Appellant Pro Se. Kenneth Davis Bell,
OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Anthony Norris appeals from his jury conviction of one count of conspiracy to possess with intent to distribute and to distribute marijuana, 21 U.S.C.A. § 841 (West 1981 & Supp. 1997), 21 U.S.C. § 846 (1994), for which he was sentenced to 188 months imprisonment. We affirm.

Norris was one of thirteen defendants named in a multi-count indictment filed in September 1993 in connection with a large marijuana distribution operation in Wilkes County, North Carolina. The evidence presented at Norris' trial, viewed in the light most favorable to the government, see Glasser v. United States , 315 U.S. 60, 80 (1942), established the following. Norris was a member of the "Bill Hawkins Conspiracy," a marijuana distribution ring operating out of North Carolina from June 1984 to May 1989. Bill Hawkins was the leader of the conspiracy and Tony Triplett was his "lieutenant." During the time alleged in the indictment, Hawkins imported 60,000 to 70,000 pounds of marijuana from Mexico which he sold in bulk to various suppliers, including Norris. According to Bill Hawkins' son, Keith Hawkins, Norris was one of Hawkins' "top ten best" customers.

Triplett testified that, between 1984 and 1989, Hawkins imported nine truckloads of marijuana from Mexico, with the largest shipment weighing 9000 pounds and the smallest weighing 1500 pounds. Norris regularly purchased "carloads," generally consisting of seven bales (approximately 150 pounds each) at a time, sometimes purchasing two to three times in one week. Norris paid between $60,000 and $100,000 per carload. According to Triplett, Norris purchased approximately one-third of all the marijuana imported by Bill Hawkins. Norris presented no evidence. The jury convicted Norris and he timely appeals.

Norris has filed a lengthy pro se brief in which he claims that he "is not a UNITED STATES CITIZEN," and "is not `subject' to the jurisdiction of the UNITED STATES." (Appellant's Inf. Br. at pp. 4-5). He then goes on to discuss various aspects of the Bankruptcy Code, the Internal Revenue Code (including claims that the Sixteenth

2

Amendment was never properly ratified), and a list of federal regulations, none of which appear to have any bearing on his conviction.

To the extent that Norris challenges the sufficiency of the evidence, we find that the evidence presented at his trial was sufficient to sustain his conviction. In evaluating the sufficiency of the evidence to support a conviction, the relevant question is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the defendant guilty beyond a reasonable doubt. See Glasser, 315 U.S. at 80; United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). This court considers circumstantial and direct evidence, and allows the government the benefit of all reasonable inferences from the facts proven to those sought to be established. See United States v. Giunta, 925 F.2d 758, 764 (4th Cir. 1991). To support Norris' conspiracy conviction, the government must prove: (1) the existence of an agreement between two or more persons to engage in conduct that violates a federal drug law; and (2) Norris' participation in that agreement. See United States v. Campbell, 980 F.2d 245, 249 (4th Cir. 1992). Evidence of a buyer-seller relationship is relevant to the question of whether a conspiratorial relationship exists. See United States v. Mills, 995 F.2d 480, 485 n.1 (4th Cir. 1993) (holding that "evidence of a buy-sell transaction, when coupled with a substantial quantitry of drugs, would support a reasonable inference that the parties were coconspirators"). In addition, evidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy. See United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996) cert. denied ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). The testimony presented by the government's witnesses established that Norris had a continuing relationship with Bill Hawkins and was involved in repeated drug transactions involving substantial quantities of marijuana. Therefore, the evidence was sufficient to support his conviction.

To the extent that Norris challenges the jurisdiction of any federal court to prosecute him for this crime, such a claim is patently frivolous. We have reviewed the record, including the transcript of Norris' trial and sentencing hearing and find no meritorious issues for appeal. Accordingly, we affirm Norris' conviction and sentence. We dispense with oral argument because the facts and legal contentions are ade-

3

quately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4