**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4536

SHERWIN DREW DUCKETT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-97-393-AW)

Submitted: April 28, 2000

Decided: September 21, 2000

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James C. Savage, LAW OFFICES OF JAMES SAVAGE, Rockville,
Maryland, for Appellant. Lynne A. Battaglia, United States Attorney,
Bryan E. Foreman, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Sherwin D. Duckett appeals from his criminal conviction and sentence for distribution of cocaine base and possession of the same with intent to distribute in violation of 21 U.S.C.A.§ 841 (West 1999). We affirm.

Duckett first contends that the district court erred in denying his motion to suppress evidence obtained during a search of his truck. The legal conclusions of the district court regarding suppression are reviewed de novo, while factual determinations are subject to review only for clear error. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). Our review of the record under this standard reveals no error in the district court's denial of Duckett's motion.

Next, Duckett asserts that the district court erred in failing to instruct the jury that it must unanimously determine which specific drug transaction formed the basis of the distribution conviction. Because Duckett did not object, we review this claim for plain error. See United States v. Olano, 507 U.S. 725, 7332 (1993) (providing standard). Our review reveals that Duckett is unable to demonstrate plain error. We therefore find that he is not entitled to relief on this claim.

Duckett next argues that he was improperly sentenced as a career offender. In order to qualify as a career offender, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1 (1997). Although conceding that he has two prior drug trafficking offenses, Duckett contends these two prior cases were related and therefore should be treated as only one prior felony offense for purposes of the career offender determination.

Under USSG § 4A1.2(a)(2), sentences for related cases are treated as one sentence. Cases are considered related if there was no intervening arrest and: (1) the offenses occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consoli-

2

dated for trial or sentencing. See USSG§ 4A1.2, comment. (n.3). Examining Duckett's challenged sentences in light of this standard, we find that the district court did not err in finding the offenses to be unrelated and in sentencing Duckett as a career offender.

Duckett contends next that the district court erred in admitting evidence of his prior drug dealings. A district court's evidentiary rulings are reviewed for an abuse of discretion. See United States v. Aramony, 88 F.3d 1369, 1377 (4th Cir. 1996). Evidence is admissible under Fed. R. Evid. 404(b) if it is used to show something other than the defendant's propensity to commit a crime, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or the absence of mistake or accident. See Fed. R. Evid. 404(b); United States v. Queen, 132 F.3d 991, 993-98 (4th Cir. 1997), cert. denied, 523 U.S. 1101 (1998). Rule 404(b) is a rule of inclusion that allows all evidence of other crimes relevant to an issue in a trial, except that which tends to prove only criminal disposition. See id. at 994; United States v. Masters, 622 F.2d 83, 87 n.2 (4th Cir. 1980) (citations omitted).

Under this and other evidentiary principles, prior bad acts evidence is admissible under Rule 404(b) if it is: (1) relevant to some issue other than character, and in this regard, the more similar the prior act, the more relevant it becomes; (2) necessary in the sense that it is probative of an essential claim or an element of the offense; (3) reliable; and (4) more probative than prejudicial under the Fed. R. Evid. 401/403 balancing test. See Queen, 132 F.3d at 997.

Duckett specifically concedes that the challenged evidence was relevant of intent, but argues that the evidence was unnecessary, stating that "since the testimony of Office[r] Piper was so clear on this point, his personal observations of `hand to hand transactions' . . . there was no need for the other `bad act evidence.'" We find no abuse of discretion in the admission of this evidence, but note that even assuming it was improperly admitted, as Duckett contends, any error was harmless. See United States v. Ince, 21 F.3d 576, 583 (4th Cir. 1994) (providing harmlessness standard).

Finally, Duckett contends that the district court failed to conduct the inquiry required by 21 U.S.C.A. § 851(b) (West 1999). Although

3

the record contains no indication of an inquiry by the district court, it does show that Duckett received the substantive protections of the statute. Specifically, prior to sentencing Duckett filed a sentencing memorandum addressing his two prior convictions and arguing that they were related offenses. In this filing, Duckett stated that he did not challenge the presentence report's records of his criminal convictions. Moreover, in his brief before this court, Duckett does not argue that he would or could have raised a proper challenge to his prior convictions had he received the district court's warning under § 851(b). We therefore find that any error in the court's failure to comply with § 851(b) was harmless. See United States v. Campbell, 980 F.2d 245 (4th Cir. 1992) (finding that defendant received substantive protections where he filed a presentence motion challenging the prior conviction only for enhancement purposes and where the district court held a lengthy hearing on the challenged issue); see also United States v. Fragoso, 978 F.2d 896, 902-03 (5th Cir. 1992) (finding district court's failure to follow § 851 procedures harmless where defendant never challenged government's failure to prove conviction at trial and there was no contention that defendant would or could have raised proper challenge to his prior convictions had he received district court's warning).

In light of the above determinations, we affirm Duckett's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4