UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                              No. 01-4909

BENJAMIN PARKER, JR.,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-01-91)

Submitted: July 31, 2002

Decided: September 24, 2002

Before WIDENER and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

Langdon D. Long, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, William K. Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Benjamin Parker appeals his conviction and his 120-month sentence following his guilty plea to possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841 (2000). His attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, and Parker filed a pro se supplemental brief. At our request, the Government responded to Parker's pro se brief, and his attorney filed a reply brief that focused on Parker's claim that the district court erred in sentencing him to a mandatory minimum sentence of 120 months. Upon consideration of the record and the parties' briefs, we find that the district court's use of a state conviction to enhance Parker's sentence was plain error because the state court conviction was not final at the time Parker committed the instant federal offense. Accordingly, although we affirm Parker's conviction, we vacate his sentence and remand for re-sentencing consistent with this opinion.

As for the claims raised in counsel's *Anders* brief, we find no error in the district court's conduct of Parker's guilty plea hearing under Fed. R. Crim. P. 11. We also conclude that counsel's claim that Parker's prior guilty plea to a state felony drug charge was unknowing and involuntary is meritless.

In his pro se brief, Parker first claims the district court failed to conduct a proper colloquy pursuant to Fed. R. Crim. P. 11, because it failed to inform him his conviction would result in the loss of certain federal benefits including food stamps and social security benefits. Such collateral consequences have no bearing on the determination of whether a plea is made knowingly and voluntarily. *See Brady v. United States*, 397 U.S. 742 (1970); *Cuthrell v. Director, Patuxent Inst.*, 475 F.2d 1364, 1366 (4th Cir. 1973). Accordingly, we find this claim meritless.

Parker next claims that the district court erred in enhancing his sentence based on his prior state court convictions for possession of crack cocaine. The United States Code provides for a minimum ten-year sentence for those who violate the underlying section after a previous conviction for a felony drug offense has become final. 21 U.S.C. § 841(b)(1)(B) (2000). Two days prior to the instant offense, Parker pled guilty to two counts of possession of cocaine base in state court, and the United States Attorney filed an information enhancing Parker's federal charge accordingly.

Parker attacks the use of his state court convictions on two grounds. First, Parker reiterates his attorney's argument that his state convictions were not the result of a knowing and voluntary plea. Second, he claims that the convictions were not final within the meaning of § 841 at the time of the offense. As previously noted, we find the first issue meritless. We agree, however, that the convictions were not final.

Because Parker raises this issue for the first time on appeal, we review it for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993). We have previously held that a conviction becomes final for purposes of § 841 when the time for taking a direct appeal has expired. *United States v. Howard*, 115 F.3d 1151, 1158 (4th Cir. 1997). Parker had ten days within which to appeal his South Carolina convictions. *See* S.C. R. App. Prac. 203(b)(2). The activity forming the basis of Parker's federal conviction occurred only two days after his state court convictions. As a consequence, the state court convictions were not final for purposes of § 841,* and it was plain error for the district court to apply the mandatory ten-year minimum sentence. *See United States v. Ford*, 88 F.3d 1350, 1356 (4th Cir. 1996).

Accordingly, we affirm Parker's conviction, but vacate his sentence and remand for re-sentencing consistent with this opinion. We

---

*We find Appellee's reliance on *United States v. Campbell*, 980 F.2d 245 (4th Cir. 1992), misplaced. The defendant in *Campbell* had been adjudicated under a statute providing for deferral of disposition pending a period of supervised probation and ultimate dismissal. *Id.* at 249-51. There is no evidence that Parker's case was considered under such a deferral statute.

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*