**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5017

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATRICK ANTHONY CLARKE, a/k/a Jamacian Tony,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (3:04-cr-00069-1)

Submitted: June 27, 2007                Decided: July 30, 2007

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Krysia Carmel Nelson, NELSON & TUCKER, PLC, Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Anthony Clarke pled guilty to conspiracy to distribute cocaine base (crack), 21 U.S.C. § 846 (2000) (Count One), and possession of cocaine base (crack) with intent to distribute, 21 U.S.C. § 841(a) (2000), 18 U.S.C. § 2 (2000) (Count Three), and was sentenced to concurrent terms of life imprisonment. Clarke appeals his sentence, contending that his mandatory life sentence must be reversed because the government and district court failed to comply with the procedural requirements of 21 U.S.C. § 851 (2000) and Fed. R. Crim. P. 32. We affirm Clarke's sentence.[1] We deny the government's motion to correct or modify the record and remand for conformation of the record.

On the day Clarke entered his guilty plea, the government filed a § 851 information alleging that Clarke had been convicted of felony drug offenses in 1990 and 1993. Clarke's plea agreement also specified in bold type that he had been convicted of felony drug offenses in 1990 and 1993, which subjected him to a mandatory life sentence pursuant to 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2007). At the guilty plea hearing, the government stated that Clarke had two prior felony drug convictions, and the government notified him that he was subject to a mandatory minimum

---

[1]In his plea agreement, Clarke waived his right to appeal his sentence. However, because the government has not sought to enforce the waiver in this appeal, we will not consider it. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

sentence of life imprisonment. Clarke did not challenge the information alleging his prior convictions. Immediately following the guilty plea hearing, the district court met with opposing counsel in chambers and stated that Clarke should waive his right to have the § 851 information presented to a grand jury. After some discussion, the government agreed instead to amend the information to style it as a notice rather than an information. However, the government did not subsequently amend the information.

The presentence report recommended a base offense level of 34 under U.S. Sentencing Guidelines Manual § 2D1.1 (2004), a four-level adjustment for leadership role, USSG § 3B1.1(a), and a three-level adjustment for acceptance of responsibility under USSG § 3E1.1, which resulted in an offense level of 35. Clarke was in criminal history category V. The presentence report, as revised on August 9, 2004, stated that "[t]he mandatory minimum and maximum terms for each of Counts One and Three are 20 years to life imprisonment." The recommended advisory guideline range was 262-327 months. The report failed to note that, under USSG § 5G1.1(b), when the "statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."

At the sentencing hearing on August 18, 2006, Clarke and his attorney assured the court that there were no issues in

dispute. However, the government informed the court that it had raised one matter with the probation officer and that the "most recent edition of the presentence report" correctly stated that the guideline sentence was life imprisonment. Defense counsel acknowledged that Clarke had entered his guilty plea with the understanding that he would be subject to a mandatory minimum sentence of life in prison unless he could provide substantial assistance, which he had been unable to do. In his allocution, Clarke simply asked for mercy. The court responded that the sentence was mandatory, leaving it no discretion, and then imposed a life sentence.

On appeal, Clarke first maintains that the court was without jurisdiction to impose an enhanced sentence of life imprisonment because the district court rejected the § 851 information and the government failed to file a "notice" under § 851 as directed by the court. We discern no error. The government complied with the requirements of § 851. When the government seeks an enhanced sentence under § 841, it must file an information pursuant to 21 U.S.C. § 851, before trial or entry of a guilty plea, stating the prior convictions it will rely on to justify the enhancement. 21 U.S.C. § 851(a). The purpose of the information is to give the defendant notice and "an opportunity to show that he is not the person previously convicted." United States v. Campbell, 980 F.2d 245, 252 (4th Cir. 1992) (internal

quotation and citation omitted). Thus, although § 851(a) requires that the government file "an information," the document is often referred to as a "notice." See United States v. LaBonte, 520 U.S. 751, 754 n.1 (1997).

The district court's desire that the information be restyled as a notice may have been prompted by uncertainty over the effect of the Supreme Court's then-recent decision in Blakely v. Washington, 542 U.S. 296 (2004). However, this Court has since held that judicial factfinding under § 851 does not violate the Sixth Amendment. United States v. Smith, 451 F.3d 209, 224 (4th Cir. 2006) (holding that § 851 factfinding falls within the prior conviction exception set out in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). Clarke suggests that the district court violated Fed. R. Crim. P. 32(h) by departing from the guideline range without reasonable notice. This claim is baseless because the district court did not depart.

Clarke also argues that the sentencing court erred in failing to conduct the colloquy required under § 851(b) before imposing sentence. Because Clarke did not raise this issue in the district court, the plain error standard of review applies. United States v. Ellis, 326 F.3d 593, 598 (4th Cir. 2003). Under § 851(b), once an information is filed, the district court must, before imposing sentence, ask the defendant "whether he affirms or denies that he has been previously convicted as alleged in the

- 5 -

information." Clarke is correct that the district court plainly erred in failing to conduct the colloquy. However, like the defendant in Ellis, Clarke did not challenge the allegations in the information as required under § 851(c). Nor does he do so on appeal.[2] Instead, he acknowledged his prior convictions and conceded at sentencing that he was subject to a mandatory life sentence. Therefore, the error did not affect Clarke's substantial rights. Id. at 599.

Finally, the parties disagree about whether the presentence report was revised on August 18, 2006, the date Clarke was sentenced. The government maintains that it was, and has submitted a revised version dated August 18, 2006, which shows the guideline range as life, pursuant to USSG § 5G1.1(b). The government maintains that the district court considered that revised version at sentencing. The parties agree that the August 9, 2006, revision of the presentence report was the latest version that was made part of the official record. The government has moved to correct or modify the record by making the presentence report dated August 18, 2006, a part of the official record.

---

[2]Clarke mentions that the information about his prior convictions in the plea agreement differs from the information in the presentence report. The dates for the imposition of sentence are slightly different, but the indictment number for each prior conviction is the same in the plea agreement and in the presentence report.

When there is a disagreement about what took place in the district court, the proper procedure is for the difference to be "submitted to and settled by that court and the record conformed accordingly." Fed. R. App. P. 10(e). Although this question need not be resolved in order to affirm Clarke's sentence, we conclude that the best course of action is to remand this case to the district court for the limited purpose of determining which version of the presentence report was submitted to the sentencing court and conforming the record if necessary.

We therefore affirm the sentence imposed by the district court. We deny the government's motion to correct or modify the record and we remand the case for the limited purpose of determining whether the presentence report was revised on August 18, 2006, and conforming the record if necessary. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AND REMANDED