**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4025

AMARILDO FILSAIME, a/k/a Dodo,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
William L. Osteen, Sr., District Judge.
(CR-96-212)

Submitted: June 23, 1998

Decided: July 23, 1998

Before ERVIN and WILKINS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James W. Swindell, High Point, North Carolina, for Appellant. Walter
C. Holton, Jr., United States Attorney, Clifton T. Barrett, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Amarildo Filsaime appeals his conviction and sentence imposed after a jury verdict of guilty for conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). Filsaime's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious grounds for appeal. Filsaime has filed a supplemental pro se brief contending that the evidence was insufficient to support the district court's finding regarding the amount of drugs for which Filsaime was responsible, and that he received ineffective assistance of counsel. Finding no error, we affirm.

The Government's evidence at trial established that Raoul Lafond was the leader of a drug trafficking organization in which Filsaime, Edmond Lafond, Tony Martin, and James Joe acted as street-level sellers. Raoul Lafond provided funds for drug purchases, coordinated and made several trips to New York to buy drugs as needed, and delivered multi-kilogram quantities of drugs to the co-conspirators for resale. The conspirators would either buy crack cocaine for resale or buy powder cocaine and cook it into crack cocaine themselves.

Filsaime personally delivered quantities of crack cocaine for Raoul Lafond. Filsaime sold approximately 165 grams of cocaine base to witness Karen Torain over a three-month period, and also accompanied Raoul Lafond on at least one of the trips to New York to buy cocaine. Filsaime was arrested while attempting to sell cocaine base to a confidential informant, and had 63.76 grams of cocaine base on his person when he was arrested. At the time of his arrest, Filsaime was driving a car titled to Raoul Lafond, and on which Raoul Lafond was paying the insurance. Phone records introduced as Government exhibits showed numerous telephone calls between Raoul Lafond's home and Filsaime's aunt's house.

At the sentencing hearing, the district court found Filsaime responsible for between 150 and 500 grams of crack cocaine and set Filsaime's base offense level at thirty-four under U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (1997). The district court applied a

2

two-level upward adjustment for obstruction of justice under USSG § 3C1.1, resulting in a total offense level of thirty-six.

The record reflects that Filsaime sold at least 165 grams of crack cocaine for Raoul Lafond and accompanied Raoul Lafond and other co-conspirators to New York to obtain cocaine. Filsaime was arrested attempting to sell crack cocaine, and at the time of his arrest was driving Raoul Lafond's car. Phone and wire transfer records indicated that Filsaime often called and received calls from Raoul Lafond, and wired money to Raoul Lafond in New York on several occasions. Thus, the evidence was sufficient to support Filsaime's conviction. See United States v. Burgos, 94 F.3d 849, 858 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868); United States v. Campbell, 980 F.2d 245, 249 (4th Cir. 1992).

To the extent that Filsaime raises an ineffective assistance of counsel claim based on counsel's failure to object to the amount of drugs attributable to Filsaime for sentencing purposes, the record before the court does not conclusively show that Filsaime's counsel was ineffective, and thus this claim is not properly before the court on direct appeal. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992). To the extent that Filsaime contends the evidence does not support a finding that he was responsible for at least 150 grams of cocaine base, a review of the record reveals that the evidence is more than sufficient to support this finding, as discussed above. See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3309 (U.S. Oct. 21, 1996) (No. 95-9398); United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994).

As required by Anders, we have examined the entire record and find no other meritorious issues for appeal. Because the record discloses no reversible error, we affirm Filsaime's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4