**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
         *Plaintiff-Appellee,*

v.                                    No. 01-4392

GARY LAVERNE LYNCH,
         *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-00-64)

Submitted: January 30, 2002

Decided: March 11, 2002

Before MOTZ and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Robert J. McAfee, MCCOTTER, MCAFEE & ASHTON, P.L.L.C.,
New Bern, North Carolina, for Appellant. John Eric Evenson, II,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Gary L. Lynch pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). Lynch was sentenced to life imprisonment. Lynch's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal, but raises three issues: (1) whether the district court erred in denying Lynch's motions to withdraw his guilty plea; (2) whether Lynch received ineffective assistance of counsel; and (3) whether the district court violated the holding of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in sentencing Lynch to life imprisonment where the Government made an oral proffer of drug weight greatly in excess of the quantity held attributable to Lynch in the presentence report. Lynch has filed a pro se supplemental brief in which he asserts three allegations of ineffective assistance of counsel in support of his contention that the district court erred in denying his motion to withdraw his guilty plea; that the district court erred in accepting his guilty plea when he denied an essential element of the crime; and that the district court erred in sentencing him to life imprisonment without stating on the record which of his prior convictions were used for enhancement purposes.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). A defendant bears the burden of demonstrating to the district court's satisfaction that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 32(e). In determining whether the trial court abused its discretion in denying a motion to withdraw a guilty plea, we consider the six factors announced in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

Although all the factors in *Moore* must be given appropriate weight, the key in determining whether a Rule 32(e) motion should be granted is whether the Federal Rule of Criminal Procedure 11 hearing was properly conducted. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995). This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding was adequate. *United States v. Lambey*, 974 F.2d at 1394. Our review of the record convinces us that the district court conducted a thorough Rule 11 inquiry, at both Lynch's initial plea hearing and again after he expressed his desire to plead guilty pursuant to a plea agreement. Moreover, the record demonstrates that the performance of Lynch's counsel did not fall "below an objective standard of reasonableness," *Lambey*, 974 F.2d at 1395, and was not deficient. The district court properly denied Lynch's motions to withdraw his guilty plea.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000). *See id.*; *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. *See King*, 119 F.3d at 295. Our review of the record leads us to conclude that it does not conclusively show that counsel was ineffective.

We also conclude that there is no *Apprendi* error in Lynch's sentence. Lynch was properly charged with, and pled guilty to, an aggravated drug trafficking offense under § 841(b)(1)(A), for which the maximum sentence was life imprisonment. *United States v. Promise*, 255 F.3d 150, 152 (4th Cir. 2001), *petition for cert. filed*, (U.S. Sep. 20, 2001) (No. 01-6398). The Government properly filed an information notifying Lynch of its intent to seek an enhanced sentence based upon his prior felony drug convictions, and specifying those convictions, as required by 21 U.S.C. § 851 (1994). Because Lynch had more than one prior felony drug conviction, he was subject to a mandatory sentence of life imprisonment. Any error in drug calculations in determining relevant conduct under the Guidelines did not affect Lynch's sentence; and those calculations do not implicate *Apprendi*.

*United States v. Kinter*, 235 F.3d 192, 201-02 (4th Cir. 2000), *cert. denied*, ___ U.S. ___, 121 S. Ct. 1393 (2001).

Lynch's assertion that the district court erred in accepting his guilty plea because he denied an essential element of the crime charged is refuted by the record. At his initial plea hearing, when asked whether he was guilty of the offense described in the indictment, Lynch stated he conspired, but not to the quantity stated. The district court then properly instructed Lynch to plead guilty or not guilty to the charge, as the court had no authority to amend the indictment. Lynch then pled guilty, and reaffirmed that plea in a later proceeding in which he was allowed to withdraw his earlier plea and plead guilty pursuant to a plea agreement. The district court properly conducted the Rule 11 inquiry and accepted Lynch's plea.

Lynch's final contention, that the district court erred in imposing a life sentence without specifying which of his prior convictions were used to support the enhanced penalty, is likewise without merit. First, it appears that this challenge to the calculation of Lynch's sentence is foreclosed by the waiver provision in his plea agreement. Moreover, our review of the record convinces us that any error in failing to conduct the inquiry required by 21 U.S.C. § 851(b) was harmless. *See United States v. Campbell*, 980 F.2d 245, 252 (4th Cir. 1992) (applying harmless error analysis to failure to comply with § 851(b)). Because all of Lynch's convictions "occurred more than five years before the date of the information alleging such prior conviction[s]," the validity of those convictions was not subject to challenge. 21 U.S.C. § 851(e) (1994); *United States v. Hill*, 142 F.3d 305, 313 (6th Cir. 1998); *United States v. Fragoso*, 978 F.2d 896, 902 (5th Cir. 1992).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Lynch's conviction and sentence. We deny counsel's motion to withdraw at this juncture. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*