**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4417

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KATHERINE MEANS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (CR-04-68)

Submitted: October 19, 2005          Decided: December 27, 2005

Before LUTTIG, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

George B. Vieweg, III, BAYLISS & PHALEN, P.L.L.C., Charleston, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, W. Chad Noel, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Katherine Means appeals her 120 month prison sentence imposed after her conviction for conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846 (2000).[*] Finding no error, we affirm.

Means contends the district court erred when it allowed the Government to amend the sentencing information it had filed without further evidence of her prior convictions. We review this claim de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). Under 21 U.S.C. § 851(a)(1) (2000), "clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence." In United States v. Campbell, 980 F.2d 245, 252 (4th Cir. 1992), we held that a defendant is not prejudiced by an amendment to the information when the original information provides reasonable notice of the government's intent to seek a sentence enhancement. In this case, Means was given notice that the Government would seek an enhanced penalty in her plea agreement. At sentencing, the district court gave Means an opportunity to withdraw her guilty plea in light of the amended information, but she chose not to withdraw her plea. Means is also unable to demonstrate any prejudice that resulted from the amended information. The district court did not err in allowing the Government to amend the sentencing information.

---

[*]Means does not appeal her conviction.

Means also asserts the district court erred when it enhanced her sentence using her prior convictions that were not pled in her indictment nor admitted in her guilty plea. In Almendarez-Torres v. United States, 523 U.S. 224, 233-35 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. See also United States v. Cheek, 415 F.3d 349 (4th Cir. 2005) (Almendarez-Torres was not overruled by Apprendi v. New Jersey, 530 U.S. 466 (2000), or United States v. Booker, 125 S. Ct. 738 (2005)). The district court did not err when it used Means' prior convictions to calculate her sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED