UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellant,*

v.

JEVAN ANDERSON,
          *Defendant-Appellee.*

No. 01-4318

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JEVAN ANDERSON,
          *Defendant-Appellant.*

No. 01-4327

Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-97-34-BO)

Submitted: September 24, 2002

Decided: October 9, 2002

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**COUNSEL**

John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellant. Vaughan S. Winborne, Jr., Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

This appeal and cross-appeal concern Jevan Anderson's resentencing following a remand from this court. Anderson was convicted under 21 U.S.C. § 846 (2000) for conspiracy to distribute and to possess with intent to distribute crack cocaine. The district court found that Anderson was responsible for over 1176 grams of crack cocaine plus over 1056 grams of cocaine, which yielded a base offense level of 36. Combined with Anderson's criminal history category of IV, his guidelines sentencing range was 262 to 327 months. However, based on Anderson's 1984 and 1996 drug felony convictions, the court sentenced Anderson to life in prison pursuant to 21 U.S.C. § 841(b)(1)(A) (2000). Anderson timely appealed, and this court affirmed his conviction, but found that Anderson's 1996 felony conviction violated the prohibition against double jeopardy and hence could not be used to enhance Anderson's sentence. Therefore, this court vacated Anderson's sentence and remanded for resentencing.

Between the remand and resentencing, the Supreme Court of the United States decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that except for fact of prior conviction, any fact that increases penalty beyond statutory maximum must be alleged in indictment, submitted to jury, and proven beyond reasonable doubt). The parties conceded at resentencing that because drug quantity had not been alleged in Anderson's indictment or presented to the jury, his

sentence could not be enhanced based on drug quantity. Consequently, Anderson's statutory penalty was governed by 21 U.S.C. § 841(b)(1)(C) (2000). The government sought to enhance Anderson's sentence pursuant to 21 U.S.C. § 851 (2000), based on the 1984 felony drug conviction. However, the district court concluded that *Apprendi* foreclosed enhancement of Anderson's sentence based on the prior conviction and therefore sentenced Anderson to twenty years in prison, the statutory maximum without enhancement.

The government appealed and Anderson filed a cross-appeal. The government contends that the district court erred by concluding that, under *Apprendi*, it could not enhance Anderson's sentence based on his prior felony conviction. In the cross-appeal, Anderson's attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but asserting that Anderson would argue that his conviction and 240-month sentence were illegal because the trial was flawed. Anderson was advised of his right to file a pro se supplemental brief but declined to do so.

At resentencing, the district court agreed with Anderson that *Apprendi* overruled the holding of *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1988), that prior felony convictions that trigger enhanced sentences are sentencing enhancements rather than elements of the offense. However, this court recently expressly held that *Apprendi* did not overrule *Almendarez-Torres*. *United States v. Sterling*, 283 F.3d 216, 219-20 (4th Cir.), *cert. denied*, 122 S. Ct. 2606 (2002). Therefore, Anderson's maximum statutory penalty is thirty years under 21 U.S.C. § 841(b)(1)(C)—not twenty years as the district court concluded.

Anderson argues for the first time on appeal that he was not subject to an enhanced sentence for his prior felony conviction because the § 851 notice cited to the wrong subparagraph of the penalty statute. Specifically, the information filed by the United States attorney prior to trial stated that it intended to seek an enhanced penalty under 21 U.S.C. § 841(b)(1)(A). Anderson was originally sentenced under § 841(b)(1)(A). At resentencing the parties conceded that, following *Apprendi*, Anderson's sentence could not be enhanced based on drug quantity. Consequently, his statutory penalty was governed by

§ 841(b)(1)(C) instead of § 841(b)(1)(A). However, the government never filed a new information under § 851 notifying Anderson of its intent to seek an enhanced penalty under § 841(b)(1)(C).

As required by § 851, the pretrial notice Anderson received advised him that he faced an enhanced sentence based on his prior felony conviction. Sentencing Anderson under a penalty provision different from that cited in the information did not deprive him of the opportunity to challenge the use of his prior conviction to enhance his sentence. Consequently, the government was not precluded from seeking an enhancement for Anderson's prior conviction. *See United States v. Beal*, 279 F.3d 567, 573 (8th Cir. 2002); *cf. United States v. Campbell*, 980 F.2d 245, 252 (4th Cir. 1992).

In his cross-appeal, Anderson identifies errors allegedly occurring at his trial and initial sentencing. Under the mandate rule, Anderson may only raise issues pertaining to his resentencing. *See United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993). We decline to address claims that are outside the scope of the order remanding for resentencing.

For these reasons, we vacate Anderson's sentence and remand for further proceedings consistent with this opinion. This court requires that counsel inform his client, in writing, of the client's right to petition the Supreme Court of the United States for further review. If the client requests that such a petition be filed but counsel believes that it would be frivolous to do so, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*