**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4972**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

JEVAN ANDERSON,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.   Terrence W. Boyle,
District Judge.  (CR-97-34)

———————

Submitted:  November 21, 2005        Decided:  January 3, 2006

———————

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

James B. Craven, III, Durham, North Carolina, for Appellant.
Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine
Witcover Dean, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This appeal concerns Jevan Anderson's resentencing following a second remand from this court. Anderson was convicted under 21 U.S.C. § 846 (2000) for conspiracy to distribute and to possess with intent to distribute crack cocaine.

No drug quantity was charged in the indictment and the jury made no specific findings as to drug quantity. Based upon the evidence presented at trial, at sentencing the district court found that Anderson was responsible for 1176.525 grams of crack cocaine and 1056.7 grams of cocaine powder, yielding a base offense level of 36. Combined with Anderson's criminal history category of IV, his sentencing range under the Federal Sentencing Guidelines was 262 to 327 months in prison. Initially, however, the district court sentenced Anderson to life in prison pursuant to 21 U.S.C. § 841(b)(1)(A) (2000), based on Anderson's 1984 and 1996 felony drug convictions. In Anderson's first appeal, this court affirmed his conviction, but vacated Anderson's sentence and remanded for resentencing because we concluded that Anderson's 1996 felony drug conviction violated the prohibition against double jeopardy and therefore could not be used to enhance his sentence.

Upon resentencing, the parties conceded that because drug quantity had not been alleged in Anderson's indictment or presented to the jury, his sentence could not be enhanced based on drug quantity. Consequently, Anderson's statutory penalty was governed by 21 U.S.C. § 841(b)(1)(C) (2000). The government sought to enhance Anderson's sentence pursuant to 21 U.S.C. § 851 (2000),

based on the 1984 felony drug conviction. However, the district court concluded that under the newly decided Apprendi v. New Jersey, 530 U.S. 466 (2000), Anderson's sentence could not be enhanced based on the prior conviction. Therefore, the court sentenced him below the guideline range to twenty years in prison, the statutory maximum without enhancement.

The government appealed and Anderson filed a cross-appeal. We agreed with the government that Apprendi did not overrule the holding in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), that prior felony convictions that trigger enhanced sentences are sentencing enhancements rather than elements of the offense. Therefore, we concluded that Anderson's maximum statutory penalty was thirty years under 28 U.S.C. § 841(b)(1)(C)-- not twenty years as the district court concluded. Rejecting the claims raised in Anderson's cross-appeal, we vacated Anderson's sentence and remanded the case for a second time for resentencing within the thirty-year statutory maximum.

Based on the previously calculated guideline range, upon remand the district court sentenced Anderson to 262 months in prison, the bottom of the guideline range. Anderson once again appealed. Initially, counsel filed an Anders[1] brief, stating that, in his opinion there were no meritorious grounds for appeal, but arguing that this court's second remand was a general remand, thereby enabling Anderson to challenge his sentence enhancement under 21 U.S.C. § 851 and to revisit the issue of drug quantity.

---

[1]Anders v. California, 386 U.S. 738 (1967).

However, in light of the Supreme Court's subsequently issued decision in United States v. Booker, 125 S. Ct. 738 (2005), counsel filed a supplemental brief asserting that Anderson's sentence violated the Sixth Amendment. Anderson filed a pro se supplemental brief asserting a Booker claim and other sentencing issues. The government also filed a brief conceding that, in light of Booker, Anderson's sentence must be vacated and his case remanded for resentencing.

Anderson preserved his Sixth Amendment objection by asserting it in the district court. Accordingly, we review this claim de novo and "must reverse unless we find this constitutional error harmless beyond a reasonable doubt with the Government bearing the burden of proving harmlessness." United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) (citation omitted). In Booker, the Supreme Court held that the federal Sentencing Guidelines' mandatory scheme, which provides for sentencing enhancements based on facts found by the court, violated the Sixth Amendment. 125 S. Ct. at 746 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the Court); id. at 756-67 (Breyer, J., opinion of the Court).

Anderson argues that the district court erred by attributing to him for sentencing purposes 1176.525 grams of cocaine base and 1056.7 grams of powder cocaine. The government concedes Booker error and we find that, in the absence of jury

- 4 -

findings on specific drug quantities, the government cannot demonstrate that any error in calculating Anderson's sentence was harmless.[2]

For these reasons, we vacate Anderson's sentence and remand for proceedings consistent with Booker.[3] Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767 (Breyer, J., opinion of the Court). On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for the determination. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the guidelines range, the court should explain its reasons for the non-guidelines sentence, as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005).

_____

[2]Just as we noted in United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Anderson's sentencing.

[3]As stated earlier, Anderson seeks to assert other claims on appeal. However, consideration of these claims is foreclosed by the mandate rule. United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (stating doctrine compels compliance on remand with dictates of a superior court and forecloses relitigation of issues expressly or implicitly decided by appellate court). In accordance with Anders, we have reviewed the entire record in this case and have found no other meritorious issues for appeal.

Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

We deny counsel's motion to withdraw. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED