**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4725**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEVAN ANDERSON,

Defendant - Appellant.

———————————

**No. 06-4849**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

JEVAN ANDERSON,

Defendant - Appellee.

———————————

Appeals from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Terrence W. Boyle,
District Judge. (4:97-cr-00034-BO)

———————————

Submitted: August 29, 2007        Decided: September 12, 2007

———————————

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

James B. Craven III, Durham, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, John Stuart Bruce, First Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jevan Anderson was convicted under 21 U.S.C. § 846 (2000) for conspiracy to distribute and to possess with intent to distribute crack cocaine. Between Anderson's initial sentence and now, the Supreme Court handed down its landmark decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 543 U.S. 220 (2005), which both have impacted Anderson's sentence. The case is now before us for a fourth time on Anderson's appeal and the government's cross-appeal from Anderson's resentencing following a third remand from this court. See United States v. Anderson, 161 F. App'x 253 (4th Cir. 2006) (No. 04-4972); United States v. Anderson, 48 F. App'x 450 (4th Cir. 2002) (No. 01-4318(L)); United States v. Anderson, No. 98-4658, 2000 WL 620308 (4th Cir. May 15, 2000) (unpublished).

In the appeal immediately preceding the current appeal, we vacated Anderson's sentence and remanded for resentencing in light of Booker. Upon remand, the district court accepted the government's position that Anderson was responsible for sentencing purposes for the previously determined drug quantities and, therefore, his guideline range remained 262 to 327 months in prison. However, the court was persuaded by defense counsel's arguments that Anderson should receive a sentence comparable to those of his co-conspirators whose sentences ranged from seventy-two months to 144 months in prison. The court decided to impose a

variance sentence of 144 months and then justified the sentence primarily based on the disparity between Anderson's guideline range and his co-conspirators' sentences.* Anderson appealed and the government cross-appealed.

Anderson contends that the district court erred by finding drug quantity by a preponderance of the evidence. The government argues that the downward variance sentence is unreasonable.

We review the sentence imposed by the district court for reasonableness. Booker, 543 U.S. at 261; United States v. Tucker, 473 F.3d 556, 560 (4th Cir. 2007). It is the district court's responsibility "to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of [18 U.S.C.A.] § 3553(a) [(West 2000 & Supp. 2007)]." Tucker, 473 F.3d at 561 (internal quotation marks and citations omitted). If the appeals court concludes that the sentence achieves this goal, the sentence may be affirmed as reasonable. Id. To this end, the sentencing court should calculate the guideline range and decide whether a sentence within the range serves the factors set forth in § 3553(a). Id. at 560. If not, the court should first determine whether a guideline departure is warranted. Id. If the court

---

*Although counsel argued that Anderson's age (fifty-one) weighed in favor of the variance sentence and the court mentioned Anderson's rehabilitation (he had earned all possible good time credits in prison), the record shows that the primary reason for the variance was the disparity of the co-conspirators' sentences.

finds that a departure is unwarranted or the departure range is still inadequate, the court may impose a variance sentence. Id. at 560-61. When reviewing a variance sentence, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007) (citations omitted).

Turning first to Anderson's claim regarding drug quantity, even after Booker, a court may properly make factual findings concerning sentencing factors by a preponderance of the evidence. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006). We find that the district court's factual findings on the drug quantities attributable to Anderson were not clearly erroneous. United States v. Davenport, 445 F.3d 366, 370-71 (4th Cir. 2006) (providing standard). Accordingly, we conclude that the district court properly calculated Anderson's guideline range.

We next address the reasonableness of the variance sentence. A post-Booker sentence may be unreasonable for procedural or substantive reasons.

> A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons or fails to make a necessary factual finding. A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission.

United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).  In this case, we find the variance sentence to be both procedurally and substantively unreasonable.

The district court primarily focused on the disparity between Anderson's sentence and those of his co-conspirators in imposing the variance sentence.  Before Booker, this court held that mere disparity in sentencing among co-defendants was not a permissible ground for departure under the sentencing guidelines. United States v. Quinn, 359 F.3d 666, 682 (4th Cir. 2004); see also United States v. Ellis, 975 F.2d 1061, 1066 (4th Cir. 1992) (absent proof of prosecutorial misconduct, "a district court may not depart downward based on the disparity of sentences among co-defendants.") Post-Booker, the now advisory guidelines are one factor considered along with other sentencing factors set forth in 18 U.S.C.A. § 3553(a).  Hughes, 401 F.3d at 546.  One of the § 3553(a) factors provides that a sentencing court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C.A. § 3553(a)(6).  However, while it is not impermissible for a court to consider co-defendants' sentences in imposing a sentence, the disparities to which § 3553(a)(6) refers are those "unjustified difference[s] across judges (or districts) rather than among defendants to a single case."  United States v. Pyles, 482 F.3d 282, 290 (4th Cir. 2007) (internal quotation marks and

citations omitted), <u>petition for cert. filed</u>, ___ U.S.L.W. ___ (U.S. July 23, 2007) (No. 07-5497).

Anderson and his co-conspirators were not similarly situated because the co-conspirators pled guilty and cooperated with the government whereas Anderson has never admitted responsibility and continues to protest his innocence. By granting Anderson a variance sentence to give him a prison term commensurate with those of his co-conspirators, the district court overlooked the policy of Congress and the Sentencing Commission to treat defendants who accept responsibility for their actions and who cooperate with the government differently from those who do not. <u>United States v. Khan</u>, 461 F.3d 477, 500-01 (4th Cir. 2006), <u>cert. denied</u>, 127 S. Ct. 2428 (2007); <u>accord</u> <u>United States v. Perez-Pena</u>, 453 F.3d 236, 242 (4th Cir.) (in enacting 18 U.S.C.A. § 3553(e) (West 2000 & Supp. 2007), Congress indicated its intention that "sentencing disparities between defendants with similar criminal conduct and records are warranted to the extent that the Government determines that a particular defendant has advanced its interest in prosecuting other offenders"), <u>cert. denied</u>, 127 S. Ct. 542 (2006). We find that Anderson's variance sentence, based primarily on § 3553(a)(6) without adequate consideration of the other sentencing factors, is unreasonable. <u>Moreland</u>, 437 F.3d at 434.

For these reasons, we vacate Anderson's sentence and remand for further proceedings consistent with this opinion.

Anderson moved to place these appeals in abeyance pending the Supreme Court's decisions in <u>Rita v. United States</u>, 127 S. Ct. 2456 (2007), and <u>Gall v. United States</u>, <u>petition for cert. granted</u>, 127 S. Ct. 2933 (2007).  We deny Anderson's motion, in part because <u>Rita</u> has been decided and therefore the abeyance motion is moot as to this case, and in part because the issues likely to be addressed in <u>Gall</u> are not dispositive of these appeals.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>