ON REHEARING

UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4010

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KHARY JAMAL ANCRUM,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, District Judge. (CR-02-20-SGW)

Submitted: November 30, 2005        Decided: June 2, 2006

Before WILKINSON and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Peter R. Roane, Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Khary Jamal Ancrum appealed his conviction and life sentence imposed for conspiracy to distribute fifty grams or more of cocaine base, in violation of 18 U.S.C. §§ 841(a)(1) & 846 (2000). Initially we affirmed Ancrum's conviction and concluded that he waived a sentencing issue, which was not raised in the opening brief. Ancrum filed a petition for panel rehearing arguing that the court should have reviewed his sentencing issue because it was raised in a supplemental brief, with permission of the court, and not in a reply brief as our initial opinion indicated. Ancrum is correct and we therefore grant his petition for rehearing. Upon review of the merits of his claim, however, we continue to affirm his conviction and sentence.

Ancrum's supplemental brief argued that the district court did not properly inquire whether Ancrum affirmed or denied the prior convictions relied upon to enhance his sentence and that the question of enhanced punishment based upon the prior convictions should have been submitted to the jury. The Government filed an information pursuant to 21 U.S.C. § 851 (2000) to establish Ancrum's prior convictions. Ancrum had two qualifying convictions under 21 U.S.C. § 841(b) (2000) and therefore the statutory minimum sentence was life imprisonment. Ancrum did not contest any of the qualifying convictions. It appears from the sentencing transcript that Ancrum filed objections based on

Blakely v. Washington, 542 U.S. 296 (2004), but the court did not specifically rule on the objections because resolution would not impact the statutory minimum sentence. The court did state, however, that "Blakely would not go to these prior convictions, even if Blakely were to be applied." The substance of the objections is not clear from the record because neither the presentence report (PSR) nor the objections to the PSR are included in the joint appendix. Ancrum received the mandatory life sentence.

The prior conviction issues raised in the supplemental brief are without merit. At the sentencing hearing, the court asked if Ancrum would contest his prior convictions and Ancrum's attorney confirmed that Ancrum did not challenge his convictions. Ancrum also did not take the opportunity to address the court at the close of sentencing. Therefore, the court properly complied with 21 U.S.C. § 851. See United States v. Campbell, 980 F.2d 245, 252 (4th Cir. 1992) (concluding that a district court has complied with § 851 if the substantive protections underlying that section were provided).

Ancrum also argued in his supplemental brief that the jury should have made the factual determination that he had qualifying convictions under 21 U.S.C. § 841(b) and therefore his sentence resulted in Sixth Amendment error. In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court reaffirmed its prior

holding in <u>Apprendi</u> that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  543 U.S. at 244.  This court has held that the application of the career offender enhancement falls within the exception for prior convictions where the facts were undisputed, making it unnecessary to engage in further fact finding about a prior conviction.  <u>United States v. Collins</u>, 412 F.3d 515, 521-23 (4th Cir. 2005); <u>see also</u> <u>Shepard v. United States</u>, 544 U.S. 13, 24-25 (2005) (holding that a court's inquiry as to disputed facts in connection with a prior conviction is limited to the terms of the charging document, a plea agreement, a transcript of the plea colloquy, or a comparable judicial record).

Although Ancrum was not sentenced as a career offender, his argument that, under <u>Booker</u>, the district court violated his Sixth Amendment rights by making impermissible factual findings when it used his prior convictions to enhance his sentence, is foreclosed by <u>Collins</u>.  Here, Ancrum does not contest the facts about or of his prior convictions that were used to enhance his sentence.  Moreover, the district court could determine from the judicial record of Ancrum's prior drug convictions whether each offense qualified when enhancing his sentence.  As a result, the issue raised by Ancrum is a purely legal argument that does not

- 4 -

require speculation regarding facts about the offenses.  See <u>United States v. Cheek</u>, 415 F.3d 349, 350 (4th Cir.) (holding that Sixth Amendment not violated when sentence enhanced based on prior convictions that were not charged in indictment or admitted by defendant), <u>cert. denied</u>, 126 S. Ct. 640 (2005).  We therefore conclude that there was no Sixth Amendment violation in this case.

Accordingly, we continue to affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>